# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415.442.4810
Facsimile: 415.442.4870
www.ogletreedeakins.com

Danielle Ochs
Lauren M. Cooper
415.442.4810
danielle.ochs@ogletreedeakins.com
lauren.cooper@ogletreedeakins.com

May 29, 2013

**VIA ELECTRONIC FILING**

The Honorable Jon S. Tigar
United States District Court Judge
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

RE:  *Hays v. John Deere Landscapes, Inc.*
*U.S.D.C. Northern District of California, Case No. 3:12-cv-05823 JST*

Dear Judge Tigar:

## I.   Introduction

Despite multiple attempts to secure Plaintiff Brandon Hays' ("Plaintiff") deposition over the past two months, Defendant John Deere Landscapes ("Defendant") has been prevented from doing so.  Pursuant to the Court's April 17 Scheduling Order, the Parties are to complete mediation no later than July 26, fact discovery by August 28, and file any dispositive motion by September 27.  At this point, considering the fast approaching mediation, discovery and dispositive motion deadlines, Defendant has no choice but to seek the Court's assistance in scheduling Plaintiff's timely deposition.  Accordingly, Defendant respectfully submits this letter brief requesting an Order compelling Plaintiff's deposition to be completed on a mutually agreeable date between June 10 and 13, 2013.  Defendant further requests an Order imposing sanctions in the amount of $5,808.40, against Plaintiff and his counsel for Plaintiff's repeated failure to appear for deposition or cooperate in scheduling his deposition.

## II.   Factual Background

On April 2, 2013, Defendant contacted counsel for Plaintiff inquiring whether Plaintiff would be available for deposition on April 30.  (*See* April 2, 2013 Email, attached as Ex. A.)  Receiving no response, Defendant again attempted to contact Plaintiff's counsel via phone to confirm Plaintiff's availability for an April 30 deposition, leaving a message with counsel's

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver
Detroit Metro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis
Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh
Portland ▪ Raleigh ▪ Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Stamford ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington



**Ogletree
Deakins**

receptionist.  Again, Defendant received no response.  On April 17, 2013, during the parties' initial case management conference Defendant indicated that it intended to notice Plaintiff's deposition for April 30 at Defense counsel's office.  Plaintiff's counsel voiced no objection.  On April 17, following the Parties' initial case management conference, Defendant contacted Plaintiff's counsel via email to notify him that Defendant was noticing Plaintiff's deposition for April 30.  The deposition notice was attached to that correspondence as well as served on Plaintiff via mail.  (*See* April 17, 2013 Email and corresponding Plaintiff's deposition notice, attached as Ex. B.)

On April 24, 2013, Plaintiff's counsel responded to Defense counsel's April 17 email, and indicated that an EDD hearing in another matter had been set for April 30 in San Jose.  Accordingly, Plaintiff's counsel requested that Defendant move Plaintiff's deposition to May 1, 2013.  Defendant agreed.  (*See* April 24 Email Chain, attached as Ex. C.)

On May 1, 2013, the morning of Plaintiff's deposition, Plaintiff's counsel sent an email notifying Defendant that Plaintiff would not be attending the deposition due to his inability to obtain time off from work.  Defense counsel responded and informed counsel that due to the last minute notification (less than 2 hours prior to the start of Plaintiff's deposition), Defendant would be placing Plaintiff's non-appearance on the record and would be billing Plaintiff's counsel's office for the costs of cancellation.  Defendant further indicated at that time that given the circumstances, it considered Plaintiff's failure to appear to be unreasonable.  Lastly, Defendant asked that Plaintiff's counsel immediately provide alternative dates so that Defendant could re-notice Plaintiff's deposition and proceed with discovery in a timely manner.  (*See* May 1, 2013 Email Chain, attached as Ex. D.)

Defendant did not receive a response from Plaintiff until May 6, 2013.  At that time, Plaintiff's counsel indicated that he could be available the last week of May and the end of the preceding week.  Defendant immediately responded and proposed May 22 or 23 for Plaintiff's deposition.  Having received no response, Defendant again contacted Plaintiff's counsel via email on May 7, asking for a timely response to Defendant's proposed deposition dates.  Having received no response, Defendant notified Plaintiff's counsel on May 8 that it would be noticing Plaintiff's deposition for May 22 at Defense counsel's office.  Defendant requested that Plaintiff's counsel timely advise Plaintiff of his duty to attend.  (*See* May 21, 2013 Email Chain and corresponding Plaintiff's amended deposition notice, attached as Ex. E.)

Defendant received no objection to its May 22 deposition notice and received no communication from Plaintiff concerning an inability to appear on that date.  On May 17, 2013, Defendant again reached out to Plaintiff's counsel via email notifying him that Plaintiff's deposition would be proceeding at Defense counsel's office and asked that counsel confirm his client's attendance.  Again, Defendant received no response.  (*See* Ex. E.)

On May 20, Defendant again notified Plaintiff's counsel that Plaintiff's deposition would be proceeding on May 22.  Defendant indicated that if it did not hear from counsel by the end of the day, Defendant would move forward with Plaintiff's deposition on the noticed date.  Defendant further indicated that if Plaintiff's counsel and his client failed to appear at deposition,

May 29, 2013
Page 3



Defendant would again place Plaintiff's non-appearance on the record. Lastly, Defendant indicated that although it preferred not to seek Court intervention, should Plaintiff fail to appear at the noticed deposition or give timely notice of a need to re-schedule, it would take the necessary steps to compel his deposition. Again, Defendant received no response. (*See* Ex. E.)

On May 21, 2013, Defendant again advised Plaintiff's counsel that Plaintiff's deposition would be proceeding on May 22, unless Defendant heard otherwise from Plaintiff by 2:00 p.m. Defendant further indicated that having not received any communication from Plaintiff to the contrary, should Defendant not receive notice of Plaintiff's unavailability or objection by 2:00 p.m., Defendant expected Plaintiff's counsel and his client to be present. (*See* Ex. E.) In addition to attempting to confirm Plaintiff's appearance at deposition in writing, Defense counsel left multiple voice messages for Plaintiff's counsel's office requesting a response and indicating Defendant's intent to proceed with deposition. None were returned.

Plaintiff's deposition was scheduled to begin at 9:00 a.m. on May 22, 2013. The Court reporter and videographer were present as were counsel for Defendant. By 9:05 a.m., neither Plaintiff's counsel nor his client had appeared. Defendant left a message for Plaintiff's counsel's office notifying him that the deposition was scheduled to begin and if Defendant did not hear from Plaintiff by 9:15 a.m., Defendant would go on the record to state Plaintiff's non-appearance. In addition, Defendant emailed Plaintiff's counsel at approximately 9:22 a.m. to notify him of Defendant's intent to move to compel Plaintiff's deposition based on Plaintiff's repeated failure to appear and Plaintiff's counsel's lack of communication to otherwise schedule his deposition. (*See* May 22, 2013 Email Chain, attached as Ex. F.)

On May 22, 2013, Defendant emailed, faxed and mailed via overnight mail, a meet and confer letter to Plaintiff's counsel. This letter indicated that unless the Parties met and agreed to a new deposition date by noon on Friday, May 24, 2013, Defendant would have no choice but to send a letter brief to the Court requesting that it issue an Order compelling Plaintiff's deposition and requesting sanctions. Again, Defendant received no response from Plaintiff. (*See* May 22, 2013 Letter and corresponding email, fax and overnight delivery confirmation, attached as Ex. G.)

### III.   Request for Relief

Despite the multiple attempts to take Plaintiff's deposition, Plaintiff has failed to appear or even communicate to schedule his deposition. Accordingly, pursuant to the Federal Rules of Civil Procedure ("FRCP"), Rule 37(a)(1), Defendant moves for an Order compelling Plaintiff's deposition. As demonstrated herein and in the attached exhibits, despite Defendant's good faith attempts to meet and confer with Plaintiff concerning his deposition, the Parties are unable to resolve this dispute due to Plaintiff's counsel's unwillingness to respond or comply with discovery.

Furthermore, Plaintiff's failure to appear for or cooperate to schedule deposition warrants sanctions. If a party fails to appear for deposition, sanctions may be imposed even in the absence of a prior court order. FRCP 37(d)(1)(A)(i); *Henry v. Gill Industries, Inc.* (9th Cir. 1993) 983

May 29, 2013
Page 4



F.2d 943, 947 (repeated last-minute cancellations constitute "failure to appear.") Here, not only has Plaintiff failed to appear for his noticed deposition on two occasions, Plaintiff has willfully refused to cooperate to re-schedule his deposition on an alternative date.   Accordingly, Defendant requests sanctions in the amount of $5,808.40.  This amount represents the fees and costs associated with Plaintiff's failure to appear at two noticed depositions, as well as the fees associated with drafting this letter brief and other referenced meet and confer correspondence[1].

Based on the aforementioned facts, Defendant seeks an Order compelling Plaintiff's deposition to occur on a mutually agreeable date between June 10 and 13, 2013, as well as an award of attorney fees and costs in the amount of $5,808.40, or other form of sanctions under FRCP 37 and Civil L.R. 37-4.  Should the Court require further information to assist in settling this dispute, please do not hesitate to contact the undersigned.  Thank you for your attention to this matter.

Sincerely,

Danielle Ochs
Lauren M. Cooper

LMC:DO
cc: James Peters

15108400.1

---

[1] Calculated as follows:  4.8 hours @ $442 and 7.4 hours @ $342 = $4,652.40 and $1,156.00 in court reporting/videographer costs.  The Court reporting costs are based on the invoice for Plaintiff's 5/1/13 non-appearance and an estimate of the cost of his second non-appearance on 5/22/13. (*See* Barkley Court Reporter Invoice, attached as Ex. H.)

**EXHIBIT A**

## Cooper, Lauren M.

| | |
|---|---|
| **From:** | Cooper, Lauren M. |
| **Sent:** | Tuesday, April 02, 2013 4:07 PM |
| **To:** | James J. Peters Esq. (jjp@peterslawgroup.com) |
| **Cc:** | Ochs, Danielle |
| **Subject:** | FW: Hays v. John Deere [ODNSS-OGL.013160.000013] |
| **Attachments:** | 2013 03 20 Joint Stip to Continue CMC.DOCX |

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | James J. Peters Esq. (jjp@peterslawgroup.com) | |
| | Ochs, Danielle | Delivered: 4/2/2013 4:07 PM |
| | '013160_000013 _ John Deere adv Hays Email' | Delivered: 4/2/2013 4:07 PM |

Jim,

As a follow up to my email and phone call of last week and earlier today, please let us know if you still anticipate filing the stipulation to continue the 4/10 case management conference. If we do not hear back from you or if you do not file the stipulation by the end of day today, we will plan on appearing at the conference on the presently scheduled date. Additionally, based on the current conference date of April 10, 2013, the joint case management conference statement would be due by the end of day tomorrow. If we do not receive notice from you by the end of day tomorrow as to whether you still intend to continue the conference date, we will go ahead and re-file the joint case management statement previously agreed to and filed on February 8, 2013.

In addition, we would like to propose scheduling plaintiff's deposition for April 30, 2013. Please let us know if you and your client are amenable to this date. Once we receive confirmation, we will send out a notice of deposition.

Lastly, pursuant to the Stipulation and Order Selecting ADR Process, previously signed by Judge Claudia Wilken, the last date for the parties to complete mediation is June 4, 2013. Accordingly, please let us know if there are any mediators you would suggest using in this matter or if you would prefer us to provide some suggestions. You had previously mentioned that you would be providing an initial demand to see if the parties could informally resolve the matter. Given the short timeframe in which we need to complete mediation, we would be open to conveying any such demand to our client to initiate the process.

Look forward to hearing from you on the above issues and please do not hesitate to contact me with any questions or concerns.

Kind Regards,
Lauren

**Lauren M. Cooper | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-369-3555 | Fax: 415-442-4870
lauren.cooper@ogletreedeakins.com | www.ogletreedeakins.com

**From:** Cooper, Lauren M.
**Sent:** Friday, March 29, 2013 1:31 PM
**To:** James J. Peters Esq. (jjp@peterslawgroup.com)
**Subject:** FW: Hays v. John Deere [ODNSS-OGL.013160.000013]

Jim,

Please let me know if you still intend to file the joint stipulation to continue the CMC.  I believe the deadline to request a continuance is approaching.

Thanks and hope you have a great weekend.

Best,
Lauren

**Lauren M. Cooper | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-369-3555 | Fax: 415-442-4870
lauren.cooper@ogletreedeakins.com | www.ogletreedeakins.com

---

**From:** Cooper, Lauren M.
**Sent:** Thursday, March 21, 2013 11:02 AM
**To:** 'James Peters'
**Cc:** Ochs, Danielle
**Subject:** RE: Hays v. John Deere [ODNSS-OGL.013160.000013]

Jim,

Thanks for providing the draft stipulation.  One small change, I added Danielle Ochs name to our signature block and inserted my electronic signature.  Otherwise, I am comfortable with the stipulation.

Kind Regards,
Lauren

**Lauren M. Cooper | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-369-3555 | Fax: 415-442-4870
lauren.cooper@ogletreedeakins.com | www.ogletreedeakins.com

---

**From:** James Peters [mailto:jjp@peterslawgroup.com]
**Sent:** Thursday, March 21, 2013 10:40 AM
**To:** Cooper, Lauren M.
**Subject:** Re: Hays v. John Deere [ODNSS-OGL.013160.000013]

Lauren:

Attached is a draft stip.  Let me know what you think.

Sincerely,

---

James J. Peters
Employee Rights Attorney

Peters Law Group, APC
P.O. Box 7797
Ventura, CA 93006-7797

(805) 275-4501

Orange County:  (714) 453-9090      San Francisco:  (415) 839-8711
San Diego:      (858) 779-9781      Los Angeles:    (323) 982-8560

Toll-Free:   (888) 813-6369
Fax:         (866) 483-3326

www.calemployeerightsblog.com

www.peterslawgroup.com

On Mon, Mar 18, 2013 at 12:24 PM, Cooper, Lauren M. <Lauren.Cooper@ogletreedeakins.com> wrote:

Jim,

I am available on both 4/17 and 4/24 and we are amenable to filing a stipulation to move the date of the initial CMC.  Please send a proposed stipulation for our review.

Thanks,

Lauren

**Lauren M. Cooper | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-369-3555 | Fax: 415-442-4870
lauren.cooper@ogletreedeakins.com | www.ogletreedeakins.com

**From:** James Peters [mailto:jjp@peterslawgroup.com]
**Sent:** Monday, March 18, 2013 12:11 PM
**To:** Cooper, Lauren M.
**Subject:** Hays v. John Deere

Lauren:

I have a conflict with the April 10 CMC in this case.  I'm supposed to be in a MTC Arbitration hearing in LA at 1:30.  I called the court and they said we need to file a stipulation to reschedule the CMC.  If that is ok with you, it looks like they do them on Wednesdays @ 2:00 p.m., so are you available on 4/17 and/or 4/24?

Jim

James J. Peters
Employee Rights Attorney

Peters Law Group, APC
P.O. Box 7797
Ventura, CA 93006-7797

(805) 275-4501

Orange County:  (714) 453-9090      San Francisco:   (415) 839-8711
San Diego:       (858) 779-9781      Los Angeles:     (323) 982-8560

Toll-Free:    (888) 813-6369
Fax:          (866) 483-3326

www.calemployeerightsblog.com

www.peterslawgroup.com

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*Unless expressly stated to the contrary herein, nothing in this message was intended or written to be used, nor may be relied upon or used: (a) to avoid any penalties that could be imposed under the Internal Revenue Code of 1986, as amended, or (b) to recommend or support the promotion or marketing of any federal tax transaction or issue discussed herein.*

# EXHIBIT B

**Cooper, Lauren M.**

| | |
|---|---|
| **From:** | Ochs, Danielle |
| **Sent:** | Wednesday, April 17, 2013 5:50 PM |
| **To:** | jjp@peterslawgroup.com |
| **Cc:** | Cooper, Lauren M. |
| **Subject:** | Hays v. Deere - Notice of Deposition |
| **Attachments:** | Notice of Deposition of Plaintiff 04-17-13.pdf |

Jim — Hello (we didn't really have a chance to say "hello" on today's call).   I wanted to follow up on the issue of depositions.  Per Lauren's earlier emails, we've noticed Plaintiff's deposition for April 30, 2013 (see attached notice).  We'd like to discuss with you what other depositions you contemplate and work on getting those scheduled.

I'd also like to discuss mediator selection and make sure we can get ADR done within the timeframe contemplated by the Court.  I look forward to communicating with you about these issues.

Thanks, Danielle

**Danielle Ochs | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3429 | Fax: 415-442-4870
danielle.ochs@ogletreedeakins.com | www.ogletreedeakins.com

1  DANIELLE L. OCHS State Bar No. 178677
   danielle.ochs@ogletreedeakins.com
2  LAUREN M. COOPER, State Bar No. 254580
   lauren.cooper@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, CA  94105
5  Telephone:    415.442.4810
   Facsimile:    415.442.4870
6
   Attorneys for Defendant
7  JOHN DEERE LANDSCAPES, INC.

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  BRANDON S. HAYS, an individual,          Case No. 4:12-cv-05823-JST

12              Plaintiff,                    **DEFENDANT JOHN DEERE
                                             LANDSCAPES, INC.'S NOTICE OF
13         vs.                                DEPOSITION OF PLAINTIFF BRANDON
                                             S. HAYS**
14  JOHN DEERE LANDSCAPES, INC., a
    Corporation; and DOES 1 through 20,      Complaint Filed:  November 13, 2012
15  inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1  **TO PLAINTIFF BRANDON S. HAYS AND HIS ATTORNEY OF RECORD**:

2      **PLEASE TAKE NOTICE** that Defendant JOHN DEERE LANDSCAPES, INC.

3  ("Defendant") will take the deposition of Plaintiff Brandon S. Hays ("Plaintiff") on April 30, 2013,

4  commencing at 9:00 a.m.  The deposition will take place at the offices of Ogletree, Deakins, Nash,

5  Smoak & Stewart, P.C., Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA  94105.

6  This deposition will be taken before a certified court reporter authorized to administer oaths, may

7  be recorded by stenographic means and by video, and through the use of instant visual display, and

8  will continue day to day until completed (except for weekends and holidays) pursuant to the above.

9      If the deponent will require the services of an interpreter, you must advise this office in

10 writing no later than five (5) days before the date set for the deposition of both the need for an

11 interpreter and the language that will be required.

12

13 DATED:  April 17, 2013                    OGLETREE, DEAKINS, NASH, SMOAK &
                                            STEWART, P.C.
14

15

16                                    By:  _____
                                          DANIELLE L. OCHS
17                                        LAUREN M. COOPER
                                          Attorneys for Defendant
18                                        JOHN DEERE LANDSCAPES, INC.

19

20

21

22

23

24

25

26

27

28

**DEFENDANT JOHN DEERE LANDSCAPES, INC.'S NOTICE OF DEPOSITION OF PLAINTIFF**

**CERTIFICATE OF SERVICE**
U.S.D.C. - NORTHERN DISTRICT
*Brandon S. Hays v. John Deere Landscapes, Inc.*
Case No. 4:12-cv-05823-JST

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

On April 17, 2013, I served the following document(s):

**DEFENDANT JOHN DEERE LANDSCAPES, INC.'S NOTICE OF DEPOSITION OF PLAINTIFF BRANDON S. HAYS**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

**James J. Peters**
**Sara R. Peters**
**PETERS LAW GROUP, APC**
**Attorneys at Law**
**P.O. Box 7797**
**Ventura, CA 93006-7797**

☒　**BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐　**BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

☐　**BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

//

//

//

1

Case No. 4:12-cv-05823-JST

1

☐  **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

2

3

☐  the written confirmation of counsel in this action:

4

☐  [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):

5

6

☐  [Federal Court] in accordance with the written confirmation of counsel in this action and order of the court:

7

☐  **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

8

9

10

☐  **(State)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

11

☒  **(Federal)**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

12

13

Executed on April 17, 2013, at San Francisco, CA.

14

15

Sarah Smith
_____
Type or Print Name

16

17

14808875.1

18

19

20

21

22

23

24

25

26

27

28

2

Case No.  4:12-cv-05823-JST

**DEFENDANT JOHN DEERE LANDSCAPES, INC.'S NOTICE OF DEPOSITION OF PLAINTIFF**

**EXHIBIT C**

## Cooper, Lauren M.

| | |
|---|---|
| **From:** | Ochs, Danielle |
| **Sent:** | Wednesday, April 24, 2013 3:59 PM |
| **To:** | James Peters |
| **Cc:** | Cooper, Lauren M. |
| **Subject:** | RE: Hays v. Deere - Notice of Deposition |

James – May 1st is fine.  Thanks, Danielle

**Danielle Ochs | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3429 | Fax: 415-442-4870
danielle.ochs@ogletreedeakins.com | www.ogletreedeakins.com

**From:** James Peters [mailto:jjp@peterslawgroup.com]
**Sent:** Wednesday, April 24, 2013 3:56 PM
**To:** Ochs, Danielle
**Cc:** Cooper, Lauren M.
**Subject:** Re: Hays v. Deere - Notice of Deposition

Danielle:

Apologies for not getting back to you sooner, but I have been traveling for mediations and depositions over the past two weeks.

We just received notice this morning from the EDD that one of our cases has been set for an appeal hearing on April 30 in San Jose at 1:15.  Is there any chance we can hold Mr. Hays' deposition on May 1?

Regarding our depositions, we are still working on determining who we want to depose and in what order.  We should have that figured out by next week.

As to mediators, we would propose:  Jeff Ross, Joanne Dellaverson, or Jerry Spolter.

Sincerely,

James J. Peters
Employee Rights Attorney

Peters Law Group, APC
P.O. Box 7797
Ventura, CA 93006-7797

(805) 275-4501

Orange County:  (714) 453-9090      San Francisco:    (415) 839-8711
San Diego:        (858) 779-9781      Los Angeles:      (323) 982-8560

Toll-Free:     (888) 813-6369
Fax:            (866) 483-3326

1

www.calemployeerightsblog.com

www.peterslawgroup.com


On Wed, Apr 17, 2013 at 5:50 PM, Ochs, Danielle <danielle.ochs@ogletreedeakins.com> wrote:

Jim – Hello (we didn't really have a chance to say "hello" on today's call).   I wanted to follow up on the issue of depositions.  Per Lauren's earlier emails, we've noticed Plaintiff's deposition for April 30, 2013 (see attached notice).  We'd like to discuss with you what other depositions you contemplate and work on getting those scheduled.


I'd also like to discuss mediator selection and make sure we can get ADR done within the timeframe contemplated by the Court.  I look forward to communicating with you about these issues.


Thanks, Danielle


**Danielle Ochs | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3429 | Fax: 415-442-4870
danielle.ochs@ogletreedeakins.com | www.ogletreedeakins.com


*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*Unless expressly stated to the contrary herein, nothing in this message was intended or written to be used, nor may be relied upon or used: (a) to avoid any penalties that could be imposed under the Internal Revenue Code of 1986, as amended, or (b) to recommend or support the promotion or marketing of any federal tax transaction or issue discussed herein.*

**EXHIBIT D**

## Cooper, Lauren M.

| | |
|---|---|
| **From:** | Ochs, Danielle |
| **Sent:** | Wednesday, May 01, 2013 8:35 AM |
| **To:** | James Peters |
| **Cc:** | Cooper, Lauren M. |
| **Subject:** | RE: Hays v. John Deere |

James – I regret that we are receiving this information at this late hour.  Please be advised that I will be placing Mr. Hays' non-appearance on the record and that we will be billing you for the costs of cancellation.  We do not consider the failure to appear under these circumstances to be reasonable, particularly given that you and presumably Mr. Hays were well aware of the proposed April 30 deposition date weeks ago, it was referenced at last month's case management conference, we served notice of deposition shortly thereafter, and last week we agreed to move the deposition from April 30 to May 1 as an accommodation to you and Mr. Hays.

We expect Mr. Hays to make himself available immediately (not three weeks from now) for a full day of deposition in our offices.  Please provide available dates.  Thank you, Danielle

**Danielle Ochs | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3429 | Fax: 415-442-4870
danielle.ochs@ogletreedeakins.com | www.ogletreedeakins.com

**From:** James Peters [mailto:jjp@peterslawgroup.com]
**Sent:** Wednesday, May 01, 2013 7:02 AM
**To:** Cooper, Lauren M.; Ochs, Danielle
**Subject:** Hays v. John Deere

Lauren and Danielle:

Unfortunately, I just received word that Mr. Hays is unable to proceed with today's deposition.  As you know, he is now reemployed and the owner of that company will not let hims take today off of work.  Apparently Mr. Hays cleared today's absence with his immediate supervisor, but that individual did not inform the owner and due to their being extremely busy this time of year and being short-staffed, he cannot allow Mr. Hays to take today off.

While arguably Mr. Hays is legally entitled to take the day off of work for his deposition, he does not want to put his employment there at risk by forcing the issue. Additionally, I am sure John Deere does not want Mr. Hays to lose his current position, which would cause him to once again begin accruing damages for lost wages. Finally, Mr. Hays' continuing duty to mitigate arguably requires him to do all he can to maintain his current job.

The owner says that he will let Mr. Hays have a day off if he provides at least three-weeks' notice. I do not know how long you anticipate Mr. Hays' deposition to last, but I assume it would be possible to proceed with less notice if we could hold the deposition in Santa Rosa county and require him to to take just a few hours off of work, rather than a full day with the time it takes to commute to and from San Francisco.

Mr. Hays apologizes for the inconvenience this has caused.  I actually traveled to and spent the night in the Bay Area yesterday for today's deposition and will now need to alter my travel plans to hopefully be able to return to

Southern California this morning rather than tomorrow.

I propose that we reschedule Mr. Hays' deposition for a date towards the end of this month and also schedule the depositions we wish to take for the same week in order to expedite things and minimize the overall disruption this will cause the parties.  If this is acceptable, let me know and I will provide you with a list of proposed depositions and dates once I am able to run it by Mr. Hays later this morning during his lunch break.  I will also address the issues raised by Ms. Cooper regarding our discovery responses later today.

Once again, I apologize for the inconvenience I know this will cause you and your client.

Sincerely,

_____

James J. Peters
Employee Rights Attorney

Peters Law Group, APC
P.O. Box 7797
Ventura, CA 93006-7797

(805) 275-4501

Orange County: (714) 453-9090    San Francisco:  (415) 839-8711
San Diego:      (858) 779-9781    Los Angeles:   (323) 982-8560

Toll-Free:   (888) 813-6369
Fax:         (866) 483-3326

www.calemployeerightsblog.com

www.peterslawgroup.com

**EXHIBIT E**

## Cooper, Lauren M.

| | |
|---|---|
| **From:** | Cooper, Lauren M. |
| **Sent:** | Tuesday, May 21, 2013 11:27 AM |
| **To:** | James J. Peters Esq. (jjp@peterslawgroup.com) |
| **Cc:** | Ochs, Danielle |
| **Subject:** | FW: Hays v. John Deere [ODNSS-OGL.013160.000013] |

Jim,

Please be advised that Plaintiff's deposition will be proceeding tomorrow, May 22, 2013, as noticed.  Having not heard any communication from you to the contrary, we expect you and your client will be present.

Again, although we prefer not to seek Court intervention, should Plaintiff fail to appear tomorrow we will have no choice but to seek relief from the Court.  Accordingly, if you and your client are not planning on appearing tomorrow please advise by 2:00 p.m. today.

Kind Regards,
Lauren

**Lauren M. Cooper | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-369-3555 | Fax: 415-442-4870
lauren.cooper@ogletreedeakins.com | www.ogletreedeakins.com

---

**From:** Cooper, Lauren M.
**Sent:** Monday, May 20, 2013 11:59 AM
**To:** James J. Peters Esq. (jjp@peterslawgroup.com)
**Cc:** Ochs, Danielle
**Subject:** FW: Hays v. John Deere [ODNSS-OGL.013160.000013]

Jim,

As you know, we originally noticed Plaintiff's deposition for April 30, 2013.  The week prior to Plaintiff's originally noticed deposition, you requested that we move the deposition to May 1.  We agreed to do so as an accommodation to you and Mr. Hays.  On May 1, the morning of Plaintiff's deposition, we received notice from you that you and your client would not be appearing for deposition because he was unable to take time off from work.  We notified you on May 1, that we did not consider the failure to appear reasonable under the circumstances, particularly given that you and Mr. Hays were well aware of the deposition, having communicated the preceding week to move it.

On May 1, following your client's non-appearance, we reached out to you and asked that you propose alternative dates for Plaintiff's deposition.  We received a response from you on May 6, indicating that you could be available the latter part of the week ending May 24 and the entire following week.  Accordingly, we responded and inquired whether you and Mr. Hays were available for deposition on May 22 or 23.  Having received no response, we again followed up on May 7.  Having again received no response, on May 8 we notified you that we would be noticing Plaintiff's deposition for May 22 in our office.  On May 8, we served notice of Plaintiff's May 22 deposition.  We received no objection or other communication regarding Plaintiff's deposition.

On May 17, we again notified you via email that Plaintiff's deposition will be proceeding on May 22.  We requested that you confirm that you and your client would be in attendance.  We again received no response.

Accordingly, please let this email serve as notice that if we do not hear from you by the end of day today, we will be proceeding with Plaintiff's deposition. If you and your client do not appear, we will again place Mr. Hays' non-appearance on the record and will proceed with filing a motion to compel and request for sanctions. We of course prefer not to seek Court intervention, therefore, please confirm whether you and your client will be appearing for Plaintiff's May 22 deposition.

We look forward to your response.

Kind Regards,
Lauren

**Lauren M. Cooper | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-369-3555 | Fax: 415-442-4870
lauren.cooper@ogletreedeakins.com | www.ogletreedeakins.com

---

**From:** Cooper, Lauren M.
**Sent:** Friday, May 17, 2013 1:13 PM
**To:** James Peters
**Cc:** Ochs, Danielle
**Subject:** RE: Hays v. John Deere [ODNSS-OGL.013160.000013]

Jim,

Plaintiff's deposition will be proceeding on May 22 at our office. Please confirm that you and your client will be in attendance.

We look forward to seeing you then.

Kind Regards,
Lauren

**Lauren M. Cooper | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, One Market Plaza, Suite 1300 | San Francisco, CA 94105 | Telephone: 415-369-3555 | Fax: 415-442-4870
lauren.cooper@ogletreedeakins.com | www.ogletreedeakins.com

---

**From:** Ochs, Danielle
**Sent:** Wednesday, May 08, 2013 9:48 AM
**To:** James Peters
**Cc:** Cooper, Lauren M.
**Subject:** RE: Hays v. John Deere

James – Please be advised that we are noticing plaintiff's deposition for May 22 in our office. Please be sure he is timely advised of his duty to attend. Thanks, Danielle

**Danielle Ochs | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3429 | Fax: 415-442-4870
danielle.ochs@ogletreedeakins.com | www.ogletreedeakins.com

---

**From:** Ochs, Danielle
**Sent:** Tuesday, May 07, 2013 1:43 PM

2

**To:** 'James Peters'
**Cc:** Cooper, Lauren M.
**Subject:** RE: Hays v. John Deere

Kindly respond in a timely manner.  Thank you, Danielle

**Danielle Ochs | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3429 | Fax: 415-442-4870
danielle.ochs@ogletreedeakins.com | www.ogletreedeakins.com

---

**From:** Ochs, Danielle
**Sent:** Monday, May 06, 2013 5:17 PM
**To:** 'James Peters'
**Cc:** Cooper, Lauren M.
**Subject:** RE: Hays v. John Deere

Are you available May 22 or 23?

**Danielle Ochs | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3429 | Fax: 415-442-4870
danielle.ochs@ogletreedeakins.com | www.ogletreedeakins.com

---

**From:** James Peters [mailto:jjp@peterslawgroup.com]
**Sent:** Monday, May 06, 2013 4:51 PM
**To:** Cooper, Lauren M.; Ochs, Danielle
**Subject:** Hays v. John Deere

Lauren and Danielle:

It appears that the only deposition I anticipate taking at this point (e.g. before mediation) will be Darren Cossey's.  The other party-affiliated individuals appear to be located in Atlanta and Tennessee, but assuming we can hopefully attempt to mediate in June and if we are unable to resolve the case at that point, we will have time to to travel for those depositions as necessary..

Please let me know when you and Mr. Cossey are available, either in Santa Rosa or San Francisco.  I would like to do this deposition either day before or the day after Mr. Hays' if possible.  I can be available the entire last week of May and possibly the end of the preceding week as well.

Sincerely,

_____

James J. Peters
Employee Rights Attorney

Peters Law Group, APC
P.O. Box 7797
Ventura, CA 93006-7797

(805) 275-4501

Orange County:  (714) 453-9090      San Francisco:  (415) 839-8711
San Diego:        (858) 779-9781      Los Angeles:    (323) 982-8560

3

Toll-Free:   (888) 813-6369
Fax:          (866) 483-3326

www.calemployeerightsblog.com

www.peterslawgroup.com

1   DANIELLE L. OCHS State Bar No. 178677
    danielle.ochs@ogletreedeakins.com
2   LAUREN M. COOPER, State Bar No. 254580
    lauren.cooper@ogletreedeakins.com
3   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Steuart Tower, Suite 1300
4   One Market Plaza
    San Francisco, CA  94105
5   Telephone:    415.442.4810
    Facsimile:    415.442.4870
6
7   Attorneys for Defendant
    JOHN DEERE LANDSCAPES, INC.

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  BRANDON S. HAYS, an individual,        Case No. 4:12-cv-05823-JST

12            Plaintiff,                    **DEFENDANT JOHN DEERE
                                           LANDSCAPES, INC.'S AMENDED NOTICE
13       vs.                               OF DEPOSITION OF PLAINTIFF
                                           BRANDON S. HAYS**
14  JOHN DEERE LANDSCAPES, INC., a
    Corporation; and DOES 1 through 20,    Complaint Filed:  November 13, 2012
15  inclusive,

16            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1  **TO PLAINTIFF BRANDON S. HAYS AND HIS ATTORNEY OF RECORD**:

2      **PLEASE TAKE NOTICE** that Defendant JOHN DEERE LANDSCAPES, INC.

3  ("Defendant") will take the deposition of Plaintiff Brandon S. Hays ("Plaintiff") on May 22, 2013,

4  commencing at 9:00 a.m.  The deposition will take place at the offices of Ogletree, Deakins, Nash,

5  Smoak & Stewart, P.C., Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA  94105.

6  This deposition will be taken before a certified court reporter authorized to administer oaths, may

7  be recorded by stenographic means and by video, and through the use of instant visual display, and

8  will continue day to day until completed (except for weekends and holidays) pursuant to the above.

9      If the deponent will require the services of an interpreter, you must advise this office in

10  writing no later than five (5) days before the date set for the deposition of both the need for an

11  interpreter and the language that will be required.

12

13  DATED:  May 8, 2013               OGLETREE, DEAKINS, NASH, SMOAK &

14                          STEWART, P.C.

15

16                 By: _____

17                       DANIELLE L. OCHS
                          LAUREN M. COOPER

18                       Attorneys for Defendant
                          JOHN DEERE LANDSCAPES, INC.

19

20

21

22

23

24

25

26

27

28                                   1                        Case No.  4:12-cv-05823-JST

**CERTIFICATE OF SERVICE**
U.S.D.C. - NORTHERN DISTRICT
*Brandon S. Hays v. John Deere Landscapes, Inc.*
Case No. 4:12-cv-05823-JST

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made.  My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

On May 8, 2013, I served the following document(s):

**DEFENDANT JOHN DEERE LANDSCAPES, INC.'S AMENDED NOTICE OF DEPOSITION OF PLAINTIFF BRANDON S. HAYS**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

**James J. Peters**
**Sara R. Peters**
**PETERS LAW GROUP, APC**
**Attorneys at Law**
**P.O. Box 7797**
**Ventura, CA 93006-7797**

☒    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

☐    **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

//

//

//

1
Case No.  4:12-cv-05823-JST

1   ☐   **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

2

3           ☐   the written confirmation of counsel in this action:

4           ☐   [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):

5

6           ☐   [Federal Court] in accordance with the written confirmation of counsel in this action and order of the court:

7   ☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

8

9

10  ☐   **(State)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

11  ☒   **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

12

13  Executed on May 8, 2013, at San Francisco, CA.

14

15  Sarah Smith
    Type or Print Name                                    Signature

16                                                                        14977999.1

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT F**

## Cooper, Lauren M.

| | |
|---|---|
| **From:** | Ochs, Danielle |
| **Sent:** | Wednesday, May 22, 2013 9:24 AM |
| **To:** | James Peters |
| **Cc:** | Cooper, Lauren M. |
| **Subject:** | RE: Hays v. John Deere |

James – As you are aware, we noticed Plaintiff's deposition for this morning at 9:00 a.m. in our office.  It is now 9:22 and you have not arrived nor indicated any intention to arrive.  You have not objected to the deposition notice nor responded to Lauren's various emails and voicemails concerning the deposition.  Please be advised that we hold you responsible for any and all cancellation fees imposed by the court reporting and videographer agencies.  Also, please consider this notice that we will be filing a motion to compel Plaintiff's attendance at deposition along with a request for sanctions.  Thank you , Danielle

**Danielle Ochs | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3429 | Fax: 415-442-4870
danielle.ochs@ogletreedeakins.com | www.ogletreedeakins.com

**From:** Ochs, Danielle
**Sent:** Wednesday, May 08, 2013 9:48 AM
**To:** 'James Peters'
**Cc:** Cooper, Lauren M.
**Subject:** RE: Hays v. John Deere

James – Please be advised that we are noticing plaintiff's deposition for May 22 in our office.  Please be sure he is timely advised of his duty to attend.  Thanks, Danielle

**Danielle Ochs | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3429 | Fax: 415-442-4870
danielle.ochs@ogletreedeakins.com | www.ogletreedeakins.com

**From:** Ochs, Danielle
**Sent:** Tuesday, May 07, 2013 1:43 PM
**To:** 'James Peters'
**Cc:** Cooper, Lauren M.
**Subject:** RE: Hays v. John Deere

Kindly respond in a timely manner.  Thank you, Danielle

**Danielle Ochs | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3429 | Fax: 415-442-4870
danielle.ochs@ogletreedeakins.com | www.ogletreedeakins.com

**From:** Ochs, Danielle
**Sent:** Monday, May 06, 2013 5:17 PM
**To:** 'James Peters'

**Cc:** Cooper, Lauren M.
**Subject:** RE: Hays v. John Deere

Are you available May 22 or 23?

**Danielle Ochs | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3429 | Fax: 415-442-4870
danielle.ochs@ogletreedeakins.com | www.ogletreedeakins.com

**From:** James Peters [mailto:jjp@peterslawgroup.com]
**Sent:** Monday, May 06, 2013 4:51 PM
**To:** Cooper, Lauren M.; Ochs, Danielle
**Subject:** Hays v. John Deere

Lauren and Danielle:

It appears that the only deposition I anticipate taking at this point (e.g. before mediation) will be Darren Cossey's.  The other party-affiliated individuals appear to be located in Atlanta and Tennessee, but assuming we can hopefully attempt to mediate in June and if we are unable to resolve the case at that point, we will have time to to travel for those depositions as necessary..

Please let me know when you and Mr. Cossey are available, either in Santa Rosa or San Francisco.  I would like to do this deposition either day before or the day after Mr. Hays' if possible.  I can be available the entire last week of May and possibly the end of the preceding week as well.

Sincerely,

_____
James J. Peters
Employee Rights Attorney

Peters Law Group, APC
P.O. Box 7797
Ventura, CA 93006-7797

(805) 275-4501

Orange County:  (714) 453-9090      San Francisco:   (415) 839-8711
San Diego:        (858) 779-9781      Los Angeles:     (323) 982-8560

Toll-Free:    (888) 813-6369
Fax:          (866) 483-3326

www.calemployeerightsblog.com

www.peterslawgroup.com

# EXHIBIT G

**Cooper, Lauren M.**

| | |
|---|---|
| **From:** | Beck, Dorthea J. |
| **Sent:** | Wednesday, May 22, 2013 3:42 PM |
| **To:** | jjp@peterslawgroup.com |
| **Cc:** | Cooper, Lauren M.; Ochs, Danielle; Smith, Sarah J. |
| **Subject:** | Hays v. John Deere Landscapes, Inc. |
| **Attachments:** | 20130522153247811.pdf |

Dear Mr. Peters,

On behalf of Lauren M. Cooper please find attached meet and confer letter of May 22, 2013 concerning Brandon Hays' deposition.  Hard copy to follow via FedEx overnight.  Copy will also follow via facsimile.

**Dorthea J. Beck | Legal Secretary to Lauren M. Cooper | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3422 | Fax: 415-442-4870
dorthea.beck@ogletreedeakins.com | www.ogletreedeakins.com

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415.442.4810
Facsimile: 415.442.4870
www.ogletreedeakins.com

Lauren M. Cooper
415.442.4810
lauren.cooper@ogletreedeakins.com

May 22, 2013

Via Facsimile: (866) 483-3326
Via email: jjp@peterslawgroup.com
Via FedEx
James J. Peters
Peters Law Group, APC
1135 Peninsula Street
Ventura, CA 93001

RE:    *Hays v. John Deere Landscapes, Inc.*
       *Northern District of California, Case No. 3:13-cv-05823 JST*

Dear Mr. Peters:

Pursuant to the Federal Rules of Civil Procedure, Rule 37, please allow this letter to serve as Defendant John Deere Landscapes' ("Defendant") attempt to meet and confer concerning Plaintiff Brandon Hays' deposition.

On April 2, 2013, we inquired whether you and your client would be available for deposition on April 30. Having received no response, we attempted to contact you via phone to confirm your availability for an April 30 deposition, leaving a message with your receptionist. Again, we received no response. On April 17, 2013, during the parties' initial case management conference we indicated that we intended to notice Plaintiff's deposition for April 30 at our office. You voiced no objection. On April 17, following our initial case management conference, we contacted you via email to notify you that Defendant was noticing Plaintiff's deposition for April 30. The deposition notice was attached to that correspondence as well as served to you via mail.

On April 24, 2013, you responded to Ms. Ochs' April 17 email, and indicated that an EDD hearing in another matter had been set for April 30 in San Jose. Accordingly, you requested that we move Plaintiff's deposition to May 1, 2013. We agreed.

On May 1, 2013, the morning of Plaintiff's deposition, you sent an email notifying us that Plaintiff would not be attending the deposition due to his inability to obtain time off from work. Ms. Ochs responded and informed you that due to the last minute notification (less than 2 hours prior to the start of Plaintiff's deposition), we would be placing Mr. Hays' non-appearance on the

Atlanta • Austin • Berlin (Germany) • Birmingham • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Denver
Detroit Metro • Greenville • Houston • Indianapolis • Jackson • Kansas City • Las Vegas • Los Angeles • Memphis
Miami • Minneapolis • Morristown • Nashville • New Orleans • New York City • Orange County • Philadelphia • Phoenix • Pittsburgh
Portland • Raleigh • Richmond • St. Louis • St. Thomas • San Antonio • San Diego • San Francisco • Stamford • Tampa • Torrance • Tucson • Washington

May 22, 2013
Page 2



record and would be billing your office for the costs of cancellation. We further indicated at that time that given the circumstances, we considered Plaintiff's failure to appear to be unreasonable. Lastly, we asked that you immediately provide alternative dates so that we could re-notice Plaintiff's deposition and proceed with discovery in a timely manner.

We did not receive a response from you until May 6, 2013. At that time, you indicated that you could be available the last week of May and the end of the preceding week. We immediately responded and proposed May 22 or 23 for Plaintiff's deposition. Having received no response, we again contacted you via email on May 7, asking for a timely response to our proposed deposition dates. Having received no response, we notified you on May 8 that we would be noticing Plaintiff's deposition for May 22 at our office. We requested that you timely advise Plaintiff of his duty to attend.

We received no objection to Defendant's May 22 deposition notice and received no communication from you concerning an inability to appear on that date. On May 17, 2013, we again reached out to you via email notifying you that Plaintiff's deposition would be proceeding at our office and asked that you confirm your client's attendance. Again, we received no response.

On May 20, we again notified you that Plaintiff's deposition would be proceeding on May 22. We indicated that if we did not hear from you by the end of the day, we would move forward with Plaintiff's deposition on the noticed date. We further indicated that if you and your client failed to appear at deposition, we would again place Mr. Hays' non-appearance on the record. Lastly, we indicated that although we preferred not to seek Court intervention, should Plaintiff fail to appear at the noticed deposition or give timely notice of a need to re-schedule, we would take the necessary steps to compel his deposition. Again, we received no response.

On May 21, 2013, we again advised you that Plaintiff's deposition would be proceeding on May 22, unless we heard otherwise from you by 2:00 p.m. We further indicated that having not heard any communication from your office to the contrary, should we not receive notice of your unavailability or objection by 2:00 p.m., we expected you and your client to be present. In addition to attempting to confirm your client's appearance at deposition in writing, we left multiple voice messages for your office requesting a response and indicating our intent to proceed with deposition. None were returned.

Plaintiff's deposition was scheduled to begin at 9:00 a.m. on May 22, 2013. The Court reporter and videographer were present as were counsel for Defendant. By 9:05 a.m., neither you nor your client had appeared. We left a message for your office notifying you that the deposition was scheduled to begin and if we did not hear from you by 9:15 a.m., we would go on the record to state Mr. Hays' non-appearance. In addition, we emailed you at approximately 9:22 a.m. to notify you of Defendant's intent to move to compel Plaintiff's deposition based on Plaintiff's repeated failure to appear and your lack of communication to otherwise schedule his deposition.

May 22, 2013
Page 3



     Based on this record of failing to communicate or cooperate in producing Plaintiff for deposition, we are left with no option other than to seek the Court's intervention.  Please be advised that unless the parties have met and agreed to a new deposition date by noon this Friday, May 24, 2013, we will have no choice but to send a letter brief to the Court requesting that it issue an Order compelling Plaintiff's deposition.

     Sincerely,

Lauren M. Cooper

LMC:djb
cc: Danielle Ochs

15076574.1

## Message Confirmation Report

MAY-22-2013 03:58 PM WED

| | | |
|---|---|---|
| Fax Number | : | 4154424870 |
| Name | : | OGLETREE DEAKINS |

| | | |
|---|---|---|
| Name/Number | : | 18664833326 |
| Page | : | 4 |
| Start Time | : | MAY-22-2013 03:56PM WED |
| Elapsed Time | : | 02'00" |
| Mode | : | Fine G3 |
| Results | : | [O.K] |

---

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
*Attorneys At Law*

Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415.442.4810
Facsimile: 415.442.4870
www.ogletreedeakins.com

## FACSIMILE TRANSMITTAL

| DATE: | 5/22/2013 | PAGES: | 4 (includes cover page) |
|---|---|---|---|
| TO: | James J. Peters, Esq. | FROM: | Lauren M. Cooper |
| FAX: | (866) 483-3326 | PHONE: | (415) 442-4810 |
| PHONE: | (805) 275-4501 | CLIENT/MATTER NO.: | 013160.000013 |

Original Will Be Sent via FedEx.

If problems arise with receipt of this transmission, please contact:  Dorthea J. Beck at 415.536.3422.

MESSAGE:   Attached is meet and confer letter, May 22, 2013, concerning Brandon Hays' deposition.

15080403.1

Atlanta • Austin • Berlin (Germany) • Birmingham • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Denver
Detroit Metro • Greenville • Houston • Indianapolis • Jackson • Kansas City • Las Vegas • Los Angeles • Memphis
Miami • Minneapolis • Morristown • Nashville • New Orleans • New York City • Orange County • Philadelphia • Phoenix • Pittsburgh
Portland • Raleigh • Richmond • St. Louis • St. Thomas • San Antonio • San Diego • San Francisco • Stamford • Tampa • Torrance • Tucson • Washington

*CONFIDENTIALITY NOTICE: This message and the documents accompanying this facsimile are legally privileged, confidential, and exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, please be advised that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If this communication has been received in error, please notify us by telephone immediately to arrange for the return of the original documents to us. Thank you.*

## Cooper, Lauren M.

| | |
|---|---|
| **From:** | Beck, Dorthea J. |
| **Sent:** | Thursday, May 23, 2013 10:12 AM |
| **To:** | Cooper, Lauren M. |
| **Subject:** | FW: FedEx Shipment 799830165753 Delivered |

013160-000013

Fedex delivery confirmation of 5/22/13 meet and confer letter re Hays' deposition.

**Dorthea J. Beck | Legal Secretary | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Steuart Tower, Suite 1300, One Market Plaza | San Francisco, CA 94105 | Telephone: 415-536-3422 | Fax: 415-442-4870
dorthea.beck@ogletreedeakins.com | www.ogletreedeakins.com

**From:** trackingupdates@fedex.com [mailto:trackingupdates@fedex.com]
**Sent:** Thursday, May 23, 2013 10:02 AM
**To:** Beck, Dorthea J.
**Subject:** FedEx Shipment 799830165753 Delivered

This tracking update has been requested by:

| | |
|---|---|
| Company Name: | Ogletree Deakins Law Firm |
| Name: | Dorthea J. Beck |
| E-mail: | dorthea.beck@odnss.com |
| Message: | PSShip eMail Notification |

Our records indicate that the following shipment has been delivered:

| | |
|---|---|
| Reference: | 013160.000013-9729 |
| Ship (P/U) date: | May 22, 2013 |
| Delivery date: | May 23, 2013 9:59 AM |
| Sign for by: | Signature not required |
| Delivery location: | Ventura, CA |
| Delivered to: | Residence |
| Service type: | FedEx Priority Overnight |
| Packaging type: | FedEx Pak |
| Number of pieces: | 1 |
| Weight: | 1.00 lb. |
| Special handling/Services: | Deliver Weekday |
| | Residential Delivery |
| Tracking number: | 799830165753 |

Shipper Information                    Recipient Information

1

```
Dorthea J. Beck                    James J. Peters
Ogletree Deakins Law Firm          Peters Law Group
One Market Plaza, Suite 1300       1135 Peninsula St
San Francisco                      Ventura
CA                                 CA
US                                 US
94105                              93001
```

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 12:01 PM CDT on 05/23/2013.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above, or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

**EXHIBIT H**

# INVOICE

**BARKLEY**
Court Reporters
barkley.com

File No. 50217
Los Angeles, CA 90074-0217
Tel 809.222.1231 · Fax 310.867.2610

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 441852 | 5/9/2013 | 357814 |

| Job Date | Case No. | |
|---|---|---|
| 5/1/2013 | 12-05823 JST | |

| Case Name | | |
|---|---|---|
| Hays v. John Deere Landscapes, Inc. | | |

| Payment Terms | | |
|---|---|---|
| COD - Interest @ 1.5%/mo after 30 days | | |

James J. Peters, Esq.
Peters Law Group
P.O. Box 7797
Ventura CA  93006

Certificate re Nonappearance of:

   Brandon S. Hays

      Certification of Non-Appearance                   215.00     215.00

      Parking Reimbursement (Cost)     20.00   @   1.00     20.00

Video Cancellation fee of:

   Brandon S. Hays.

      Videographer: Cancellation Fee               325.00     325.00

      Parking Reimbursement (Cost)     18.00   @   1.00     18.00

**TOTAL DUE >>>**         **$578.00**

||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

    You are now able to submit payments at www.Barkley.com

||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

**(-) Payments/Credits:**       0.00

**(+) Finance Charges/Debits:**       0.00

**(=) New Balance:**       **578.00**

**Tax ID:** 95-3312349              Phone: (805) 275-4501  Fax:

*Please detach bottom portion and return with payment.*

James J. Peters, Esq.
Peters Law Group
P.O. Box 7797
Ventura CA  93006

| | | | |
|---|---|---|---|
| Job No. | : 357814 | BU ID | : .BCR - SF |
| Case No. | : 12-05823 JST | | |
| Case Name | : Hays v. John Deere Landscapes, Inc. | | |
| Invoice No. | : 441852 | Invoice Date | : 5/9/2013 |
| **Total Due** | : **$578.00** | | |

**PAYMENT WITH CREDIT CARD**

Cardholder's Name: _____

Card Number: _____

Exp. Date: _____ Phone#: _____

Billing Address: _____

Zip: _____ Card Security Code: _____

Amount to Charge: _____

Cardholder's Signature: _____

Remit To:   **Barkley Court Reporters**
          **File No 50217**
          **Los Angeles CA  90074**