UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON S. HAYS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DEERE LANDSCAPES, INC.,<br><br>    Defendant. | Case No. 12-cv-05823-JST<br><br>**ORDER COMPELLING PLAINTIFF'S DEPOSITION BETWEEN JUNE 10 AND 13 AND SANCTIONING PLAINTIFF $5,808.40**<br><br>Re: ECF No. 23 |

Defendant John Deere Landscapes, Inc. ("Defendant") has submitted a discovery letter brief ("Letter Brief"), seeking to compel Plaintiff Brandon S. Hays' ("Plaintiff") deposition, and seeking sanctions. ECF No. 23. The court invited Plaintiff to file a letter brief in response by June 4, and informed the parties that at that point the court would take the matter under submission. ECF No. 24. Plaintiff filed no response.

Plaintiff has failed to appear for two scheduled and noticed depositions: on May 1 and May 22. For reasons well explained by Defendant, and undisputed by Plaintiff, Plaintiff's failure to attend the May 1 deposition was unreasonable,[1] and his failure to attend the second was completely unexplained. In fact, since May 6, Plaintiff's counsel James J. Peters has been completely unresponsive to Defendant's many attempts to communicate with him, and he has now failed to respond to the court's invitation to respond to Defendant's Letter Brief. The only excuse the court can imagine for this behavior is if something has happened to Mr. Peters that has prevented him from being able to satisfy his professional obligations to his colleagues and to this

---

[1] Plaintiff's counsel sent an email two hours before because the deposition was to begin, informing Defendant that Plaintiff would not be attending because Plaintiff had not arranged to take time off from work. Exh. D to Letter Brief. The date of the deposition had been set at Plaintiff's request a week earlier. Exh. C to Letter Brief.

court. Assuming this is not the case, the court issues the following order.

Pursuant to Rule 38(a)(1) of the Federal Rules of Civil Procedure, the court hereby ORDERS Plaintiff to appear at a deposition at mutually agreed-upon date between June 10 and 13. Without the deposition occurring by this date, Defendant cannot be expected to meet the discovery deadlines in the court's scheduling order.

A court may order sanctions if a "party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. Pro. 37(d)(1)(A)(i). Among the sanctions a court may impose in this situation is to "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(d)(3). In its Letter Brief, Defendant has supported its entitlement to $5,808.40, the costs incurred in attorney's fees preparing for the two depositions, drafting its letter brief, and attempting (in vain) to meet and confer with Mr. Peters. Exh. H to Letter Brief. Plaintiff has failed to advise of the court of any reason to consider his failure "substantially justified" or this award "unjust." Plaintiff and his attorney are jointly ORDERED to pay $5,808.40 to Defendant within thirty days from the date this order is filed, and shall file with the Clerk an affidavit within fourteen days thereafter which states that they have paid the sum.[2]

The court will consider the failure to comply with this order, if any, as an important factor in assessing further sanctions.

**IT IS SO ORDERED**.

Dated: June 5, 2013

_____
JON S. TIGAR
United States District Judge

---

[2] It is within the court's discretion to order even more severe sanctions than Defendant has requested in its Letter Brief. See Fed. R. Civ. Pro. 37(d)(3).