UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON S. HAYS,<br>          Plaintiff,<br>     v.<br>JOHN DEERE LANDSCAPES, INC.,<br>          Defendant. | Case No.  12-cv-05823-JST<br><br>**ORDER GRANTING TERMINATING SANCTIONS**<br>Re: ECF No. 23 |

Defendant John Deere Landscapes, Inc. ("Defendant") has moved for terminating discovery sanctions. ECF No. 23.

## I.   BACKGROUND

### A.   Procedural History

In November 2012, Brandon S. Hays ("Plaintiff") filed this complaint against Defendant, his former employer, asserting violations of the California Labor Code and wrongful termination. Complaint for Damages ("Complaint"), ECF No. 1.

On May 1 and May 22, Plaintiff failed to appear for two noticed depositions. Pursuant to the Court's standing orders, Defendant submitted a letter brief on May 29, seeking to compel Plaintiff's attendance at a future deposition and seeking monetary sanctions sufficient to compensate Defendant for its costs in preparing for the depositions. ECF No. 23. The Court invited Plaintiff to submit a letter brief in response, but Plaintiff filed nothing with the Court. ECF No. 24. The Court found that Plaintiff's reason for failing to attend the May 1 deposition was unreasonable,[1] and that his failure to attend the second was completely unexplained. ECF No. 25.

---

[1] Plaintiff's counsel sent an email two hours before because the deposition was to begin, informing Defendant that Plaintiff would not be attending because Plaintiff had not arranged to take time off

Pursuant to Rule 38(a)(1) of the Federal Rules of Civil Procedure, the court ordered Plaintiff to appear at a deposition at mutually agreed-upon date between June 10 and 13, and pursuant to Rule 37(d)(1)(A)(i), ordered Plaintiff to pay $5,808.40 within thirty days to compensate Defendants for the costs of his failure to participate in discovery.  Id.

Defendant noticed Plaintiff's deposition again, for June 12, and notified Plaintiff's attorney that it would be willing to consider an alternate time between June 10-13, if it would be preferable to Plaintiff.  Declaration of Lauren M. Cooper ("Cooper Decl."), ECF No. 29, at ¶ 5 & Exh. D. Plaintiff's counsel neither replied to this communication nor responded to numerous other attempts by Defendant's counsel to reach him.  Id., at ¶¶ 6-8 & Exh. D.  Plaintiff did not attend the third scheduled deposition.  Id., at ¶ 8-9.  Plaintiff has also not lodged with the Court an affidavit demonstrating that he has paid the previously imposed sanction, as the Court ordered him to do.

Defendant filed this motion for terminating sanctions, or in the alternative for evidentiary sanctions, on June 18.  ECF No. 28.  Plaintiff filed no opposition.  After the filing of the motion, Defendant filed another Discovery Letter Brief, in which it submits that Plaintiff has also failed, without explanation, to serve its responses to Defendant's second set of written discovery requests, which were due on June 24.  ECF No. 31.

Subsequently, the Court noted that according to the website of the State Bar of California, both of Plaintiff's attorneys, James J. Peters and Sara Peters, were suspended on July 2, 2013 and therefore "ineligible to practice law."  It appears from the Bar's website that Mr. Peters also failed to file a response to disciplinary charges filed against him by the Bar, and he was ordered inactive and not eligible to practice law on that basis as well on August 25.

The Court continued the hearing until September 5, mailed a notice of the continuance to the mailing address which Plaintiff's counsel registered with this Court, and ordered counsel to provide a copy personally to the Plaintiff.  ECF No. 33.  The mail was returned by the Postal Service as undeliverable.  ECF No. 34.  Neither Plaintiff nor either of his counsel appeared at the hearing.

---

from work.  The date of the deposition had been set at Plaintiff's request a week earlier.  See Exhs. C & D to Discovery Letter Brief, ECF No. 23.

**B.    Jurisdiction**

Plaintiff asserts, and Defendant does not dispute, that Plaintiff is a citizen of Arizona, that Defendant is not a citizen of Arizona, and that the amount in controversy exceeds $75,000. Complaint, at ¶¶ 1-3. This Court therefore has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

**C.    Legal Standard**

"Federal Rule of Civil Procedure 37(b)(2) gives a district judge discretion to 'make such orders . . . as are just' in regard to a party's failure to obey a discovery order, including dismissal." Valley Engineers Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998). The Ninth Circuit has "come up with a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987) (alterations in the original). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." Valley Engineers, 158 F.3d at 1057.

A court may also dismiss a complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or failure to follow court orders. The test for such dismissals is nearly identical: the court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

"[S]anctions are appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988)).

**III.    ANALYSIS**

**A.     Dismissal with Prejudice**

Since May 6, Plaintiff's counsel James J. Peters has been completely unresponsive to Defendant's many attempts to communicate with him. Plaintiff has failed to attend three scheduled depositions, twice without explanation. He has failed to respond to written discovery requests. Despite multiple invitations by this Court, Plaintiff's counsel has offered no explanation for this behavior, and he has failed to follow the Court's specific orders to attend depositions and to pay monetary sanctions. As the Court stated in its previous order, the only possible explanation for this behavior is that something has happened to Mr. Peters that has prevented him from fulfilling his duties as an attorney. Assuming this is not the case, terminating sanctions are appropriate.

Plaintiff has failed to follow the Court's orders to pay previous sanctions, to attend the third scheduled deposition, and to meet the deadlines in the case scheduling order. Therefore, the first two Valley Engineers factors weigh in favor of dismissal, and the risk of prejudice and the availability of less drastic sanctions are decisive. Valley Engineers, 158 F.3d at 1057.

Defendant is prejudiced by Plaintiff's failure to participate in discovery. Without the deposition of the Plaintiff, Defendant cannot defend itself from the charge that it terminated him unlawfully. Defendant also cannot be expected to defend itself without receiving Plaintiff's responses to its written discovery requests. Without this information, it is not fair to expect Defendant to fulfill *its* obligations to meet the Court-imposed deadlines in the case scheduling order. If this case continues, the Court has every reason to expect Defendant will continue spending time and money fruitlessly attempting to receive information critical to its defense.

"[F]actor 5 involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." Id. The Court has already attempted monetary sanctions, without effect. The Court has also considered Defendant's alternative proposal for evidentiary sanctions: that Plaintiff be precluded from entering into evidence his own testimony. In an employment case, this sanction is tantamount to dismissal. But more importantly, such a sanction is inadequate to address Plaintiff's complete failure to obey all court orders and respond to Defendant's attempts to

4

participate in discovery. The Court explicitly advised Plaintiff that it would "consider the failure to comply with this order, if any, as an important factor in assessing further sanctions." Since Plaintiff does not appear to be willing to adhere to less serious sanctions, the Court concludes that they are inadequate for this situation.

Finally, Plaintiff's counsel should be well aware of the possibility of dismissal. In its previous discovery sanction order, the Court cited Rule 37(d)(3) and noted that it was "within the court's discretion to order even more severe sanctions than [monetary sanctions]." Moreover, Defendant's noticed motion explicitly sought dismissal with prejudice, and Plaintiff declined to oppose the motion or to appear at the hearing.

Since Plaintiff has "flouted even his basic discovery obligations, often violating court orders," this is an "extreme circumstance" justifying terminating sanctions. Fair Hous. of Marin, 285 F.3d at 905.

It does appear that Plaintiff's counsel could be largely to blame for this situation rather than Plaintiff himself. However, the Court has done what it can to try to make Plaintiff personally aware of his counsel's failings. See ECF No. 33. "Because the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633–34 (1962)). In this case, the Court cannot imagine how the case could be continued with completely unresponsive counsel who are not eligible to practice law.

For the foregoing reasons, terminating sanctions are appropriate pursuant to Rules 37(d) and 41(b).

**B.      Additional Monetary Sanctions**

Defendant also seeks additional monetary sanctions. A court may order sanctions if a "party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. Pro. 37(d)(1)(A)(i). Among the sanctions a court may impose in this situation is to "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially

justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(d)(3). Defendant has supported its entitlement to an additional $5,790.60, the costs incurred in attorney's fees preparing for the third deposition, drafting this motion (and the letter brief that preceded it), and attempting (in vain) to meet and confer with Mr. Peters. Cooper Decl., at ¶ 10 & Exh. F. Plaintiff has failed to advise of the court of any reason to consider his failure "substantially justified" or this award "unjust."

## IV. CONCLUSION

Plaintiff and his attorney are jointly ORDERED to pay $5,790.60 to Defendant within thirty days from the date this order is filed, and shall file with the Clerk an affidavit within fourteen days thereafter which states that they have paid the sum.

Pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure, this case is DISMISSED WITH PREJUDICE. Within seven days of the date of this order, Defendant shall file a proposed order of judgment.

A copy of this order will be provided to the Bar Association of the State of California.

**IT IS SO ORDERED**.

Dated: September 5, 2013

_____
JON S. TIGAR
United States District Judge